1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE RANCH OPPORTUNITIES,  ) | 1:13-CV-1449  AWI BAM |
| )<br>Plaintiff,  ) | ORDER REMANDING |
| ) | ACTION TO THE TULARE |
| v.  ) | COUNTY SUPERIOR COURT |
| ) | AND ORDER ON MOTION TO |
| ROBERT J. SCHWEITZER,  ) | PROCEED IN FORMA |
| ) | PAUPERIS |
| Defendant.  ) | |
| ) | |
| _____ ) | (Doc. Nos. 1, 4) |

Defendant Robert Schweitzer, who is proceeding pro se, removed this case from the

Superior Court of Tulare County on September 10, 2013.  See Court's Docket Doc. No. 1.

Schweitzer asserts that the basis for removal is the presence of a federal question.  Specifically,

Schweitzer contends that he filed a demurrer to Plaintiff's unlawful detainer complaint in which

he alleged that Plaintiff failed to comply with 12 U.S.C. § 5220.  It is through the demurrer, and

specifically the invocation of 12 U.S.C. § 5220, that Schweitzer contends jurisdiction exists.

See id.  Also, Schweitzer has filed a motion to proceed in forma pauperis.  See Doc. No. 4.

A district court has "a duty to establish subject matter jurisdiction over the removed

action *sua sponte*, whether the parties raised the issue or not."  United Investors Life Ins. Co. v.

Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. §

1441) is strictly construed against removal jurisdiction.  Geographic Expeditions, Inc. v. Estate of

Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome,

1  Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited

2  jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

3  asserting jurisdiction.  Geographic Expeditions, 599 F.3d 1106-07; Hunter v. Philip Morris

4  USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal

5  jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."

6  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal

7  jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal

8  in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d

9  1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears

10  that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §

11  1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C.

12  § 1447(c) "is mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir.

13  1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  That

14  is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction,

15  whether or not a party has filed a motion."  Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir.

16  1995).

17        "The presence or absence of federal question jurisdiction is governed by the 'well-

18  pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

19  question is presented on the face of the plaintiff's properly pleaded complaint."  California v.

20  United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76

21  F.3d at 1485.  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears

22  in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in

23  anticipation of avoidance of defenses which it is thought the defendant may interpose."

24  California, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal

25  defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede

26  that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482

27  U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002);

28  see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that

1  a federal question lurks somewhere inside the parties' controversy, or that a defense or

2  counterclaim would arise under federal law.").

3        Here, Schweitzer has not shown that removal was appropriate.  The complaint filed by

4  Plaintiff is an unlawful detainer action that is based entirely on state law.  As mentioned above,

5  Schweitzer relies on his demurrer to establish federal jurisdiction.  Schweitzer is attempting to

6  remove this case on the basis of a federal defense.  This is improper, as the defensive invocation

7  of 12 U.S.C. § 5220 cannot form the basis of this Court's jurisdiction.  See Vaden 129 S.Ct. at

8  1278; Caterpillar, 482 U.S. at 392; Wayne, 294 F.3d at 1183; California, 215 F.3d at 1014; Oates

9  Revocable Trust Dated June 23, 2003 v. Rizon, 2011 U.S. Dist. LEXIS 95547 (C.D. Cal. Aug.

10  23, 2011).  Because there is no federal question appearing in Plaintiff's complaint, Defendant has

11  failed to invoke this Court's jurisdiction.  Remand to the Tulare County Superior Court is

12  appropriate and mandatory.  28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107;

13  Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

14

15        Accordingly, IT IS HEREBY ORDERED that:

16  1.    Per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case

17        is REMANDED forthwith to the Superior Court of Tulare County; and

18  2.    Defendant's motion to proceed in forma pauperis (Doc. No. 4) is DENIED as moot.

19  IT IS SO ORDERED.

20  Dated:    September 13, 2013                    _____

21                                    SENIOR  DISTRICT  JUDGE

22

23

24

25

26

27

28

3